**STATE, Plaintiff-Appellee, v. ALEXANDER et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2298. Decided December 28, 1954.

56

Mathias H. Heck, Pros. Atty., Fred M. Kerr, Walter A. Porter, Asst. Pros. Attys., Dayton, for plaintiff-appellee.

Lloyd H. O'Hara, Dayton, for defendant-appellant, Curtis Alexander.

Albert H. Scharrer, Dayton, for defendant-appellant, Lawrence Austin Dukes.

## OPINION

By THE COURT:

This is a law appeal from a judgment of the Common Pleas Court rendered upon the verdict of a jury finding the defendants guilty on the charge of first degree manslaughter.

Briefly, the pertinent facts disclose that on the night of October 16, 1953, at about 10:00 o'clock, the defendant, Curtis Alexander, came to his home and found a person unknown to him on his premises and throwing a flashlight on the house. This person turned out later to be Dr. Charles R. Price, a practicing physician in the City of Dayton, Ohio. No witnesses were present at this time, so we have only the testimony of the defendant, Alexander, as to what occurred when he arrived at his home. He testified that in attempting to learn the identity of the doctor he was attacked by him and that a fight ensued, after which the doctor escaped to his automobile parked at the curb and drove away. Alexander was then joined by the defendant, Dukes, and both pursued Dr. Price in Alexander's automobile. When the doctor parked his car in front of his office the defendants approached him in the street, where the fight was renewed. As a result of the injuries received in these altercations Dr. Price died several days later.

The trial consumed approximately two weeks; hence the record is voluminous, and it would serve no useful purpose to cite in detail all the evidence presented.

The first error assigned is that the judgment is contrary to the

weight of the evidence as to the defendant Dukes. The evidence is conclusive that this defendant took no part in the first encounter, but there is a conflict in the evidence as to whether or not he kicked the doctor while he was lying prostrate on the ground. This was a factual question solely for the determination of the jury. Our review of the testimony discloses that the evidence is quite substantial to the effect that Dukes kicked the doctor numerous times while he was lying help-less on the ground, and called him vulgar names. There was a definite conflict in the evidence on this point; hence it may not be said that the verdict is against the manifest weight of the evidence·as to this defendant.

Assignments 2 to 8, inclusive, all relate to alleged errors in the admission and rejection of evidence, most of which pertained to collateral matters. Much of this was immaterial and should not have been admitted, but even so it does not affirmatively appear on the record that it was or may have been prejudicial. Unless it so appears the conviction will not be reversed in any court. Sec. 2945.83 R. C.; **State v. Hickman, 77 Oh Ap 479; State v. Farmer, 90 Oh Ap 49; Makley v. State, 49 Oh Ap 359.**

The ninth assignment alleges that the court failed to charge on much of the material contained in the 16 special charges which the appellants requested to be given before argument. Counsel admits that special charges in a criminal case need not be given when the law applicable contained in the same is adequately covered in the general charge. We agree with this general proposition of law and our inquiry shall, therefore, be limited to the question of the adequacy and correct-ness of the general charge. We have carefully examined the special charges submitted and find that the substance of many of them was given. The appellant, Alexander, makes a specific complaint that the court failed to charge on the law as set forth in the eighth special charge, which is as follows:

"The court charges you as the law in this case that it is lawfud for a person to follow another."

This charge was not complete, for it makes no mention of the intent of the pursuer, which is a most vital element in determining the legality of the pursuit.

The court charged fully on all of the facts which may be considered by the jury in determining whether or not the acts complained of were committed in self defense; hence this assignment of error is not well taken.

The court charged adequately on the subject matter contained in special charges 14, 15 and 16, and failure to give them as submitted was not prejudicial error.

No other omissions in the charge were called to the attention of the court after giving the general charge and any further omissions would not constitute prejudicial error. See **State v. Tudor, 154 Oh St 249.**

We find none of the exceptions to the general charge well taken when consideration is given to the charge in its entirety. The court's charge covered some thirty pages of the bill of exceptions, and correctly

58

explained all of the legal principles applicable to the issues presented. Finding no error in the record, the judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.